FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 JUL 14 AM 10:59
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CR 303-012 |
| | * | |
| FELICIA THOMAS | * | |

O R D E R

In 2004, Defendant Felicia Thomas was convicted of arson and the use of a destructive device to commit a felony, in violation of 18 U.S.C. § 844(f)(2) and 18 U.S.C. §§ 844(h), respectively. Defendant was sentenced to a total term of imprisonment of 207 months. Defendant did not appeal the conviction or sentence.

on June 28, 2016, Defendant filed a "Motion for Sentence Reduction" in which she states that she believes she is eligible for post-conviction relief pursuant to the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, in Johnson, the United States Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. Id. at 2563. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson retroactive in cases on collateral review.

In order to attack the legality of her sentence, Defendant must petition for habeas corpus relief under 28 U.S.C. § 2255 by filing a motion to vacate, set aside or correct her sentence. Here, Defendant's motion for sentence reduction does not reference § 2255 in any way. Nevertheless, this Court intends to recharacterize her motion as a first § 2255 motion. See Castro v. United States, 540 U.S. 375 (2003) (explaining that a district court must notify a litigant of its intent to recharacterize a pro se motion as a § 2255 habeas petition). This recharacterization means that any subsequent § 2255 motion will be subject to the statutory restriction on "second and successive" § 2255 motions. See 28 U.S.C. § 2255(b) & 2255(h) (prohibiting claims in second or successive § 2255 motions except under certain specified circumstances). Accordingly, Defendant must notify this Court in writing within thirty (30) days hereof if she contests the recharacterization of her motion, whether she wishes to withdraw the motion, or whether she wishes to amend the motion to assert any other § 2255 claims aside from her Johnson claim.[1] If Defendant fails to respond to this Order within 30

---

[1] The **CLERK** is **DIRECTED** to attach a copy of the standard form for § 2255 motions to Defendant's service copy of this Order in case she decides to amend her filing to include additional § 2255 claims. If Defendant chooses to amend her motion, she must set forth all her § 2255 claims on the attached form, including her Johnson claim. In other words, if Defendant files an amended motion on the form provided, the

2

days, her motion for sentence reduction will be recharacterized as a § 2255 motion, the Clerk will docket it as a new civil action,[2] and her claims will be addressed under the standards applicable to § 2255 motions.[3]

**ORDER ENTERED** at Augusta, Georgia, this 14 day of July, 2016.

 _____
 UNITED STATES DISTRICT JUDGE

---

Court will not consider the original motion; rather, the amended motion will supersede the original motion in its entirety. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Any new claims filed by Defendant are subject to the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), see 28 U.S.C. § 2255(f), and all other applicable standards governing § 2255 actions.

[2] **The Clerk shall docket the new civil action as a motion under 28 U.S.C. § 2255 with a *nunc pro tunc* filing date of June 24, 2016.**

[3] The Court notes that the United States filed a response in opposition to Defendant's motion for sentence reduction, contending that Johnson is not implicated in this case. The Court, however, cannot consider the merits of the claim in the present posture of the case.